UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NOE TAVERAS,<br>    Plaintiff, | :<br>:<br>: | CASE NO. 3:15-cv-531 (VAB) |
| v. | :<br>:<br>: | |
| SCOTT SEMPLE, et al.,<br>    Defendants. | :<br>:<br>:<br>: | APRIL 22, 2015 |

**INITIAL REVIEW ORDER**

The plaintiff, Noe Taveras, currently incarcerated at Garner Correctional Institution in Newtown, Connecticut, filed this Complaint *pro se* under Section 1983 of Title 42 of the United States Code. Compl., ECF No. 1. The Court received the Complaint on April 10, 2015. The plaintiff's motion to proceed *in forma pauperis* was granted on April 16, 2015. Order dated Apr. 16, 2015, ECF No. 6. The plaintiff alleges that the named defendants, Commissioner Scott Semple, Captain Bona, "CSW" Nancy B., "chief of psychiatry" Dr. Gebeno, and "chief of medicine" Dr. Castro, have been deliberately indifferent to his serious medical needs.

Under Section 1915A of Title 28 of the United States Code, the Court must review civil complaints filed by prisoners seeking "redress from a governmental entity," officer or employee and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citations omitted). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of

the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Mr. Taveras alleges that, on October 22, 2013, he cut open his arm during a "mental health crisis." Compl. at Stmt. of Case ¶ 1, ECF No. 1. Instead of receiving mental health treatment based on this October 22 incident "and many others like it," Mr. Taveras alleges that he was placed in restrictive housing. *Id.* In restrictive housing, Mr. Taveras then alleges he was left in a cell without clothes or bedding. *Id.* ¶ 4. He allegedly was also not placed on behavioral observation status or provided any mental health treatment or physical therapy for his injured arm. *Id.* He claims that while in restrictive housing he "felt hopeless," fell into a "deep depression," and tried to kill himself by cutting numerous times. *Id.* ¶¶ 3-4, 7-8.

When Mr. Taveras asked Captain Bona why he had been placed in restrictive housing for acts of self-harm, he alleges that Bona responded that "[he] should have done everyone a favor and kill[ed] [himself]." *Id.* ¶¶ 2-3. He also claims that Commissioner, then Warden, Semple visited him in restrictive housing and determined that he should be transferred to the Connecticut Valley Hospital for mental health treatment but that no such transfer has occurred. *Id.* ¶ 6. He alleges that while he was in restrictive housing, he was seen by Dr. Gebeno and "CSW" Nancy and that neither of them provided him with mental health treatment. *Id.* ¶ 5. He also alleges that

2

Dr. Castro refused to prescribe him pain medication "from emergency room doctors" "[a]fter numerous suicide attempts by cutting." *Id.* ¶ 7.  Mr. Taveras pleads that he has filed a grievance and no one responded. *Id.*

The Supreme Court has held that deliberate indifference to a prisoner's serious medical need constitutes unnecessary and wanton infliction of pain in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).  To state a claim for deliberate indifference, a plaintiff must allege that (1) he was deprived of treatment for a medical need that was "sufficiently serious" and (2) that in failing to provide such treatment, the defendants operated recklessly or that they knew of and disregarded "an excessive risk to inmate health or safety." *Salahuddin v. Goord,* 467 F.3d 263, 279-280 (2d Cir. 2006) (citations omitted); *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994) (defining the state of mind for deliberate indifference as "lying somewhere between the poles of negligence at one end and purpose or knowledge at the other" and noting that it is "routinely equated… with recklessness"). With respect to the first, objective prong, the Court may consider "(1) whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment, (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003) (citation and internal quotation marks omitted).   In considering whether Mr. Taveras has met these elements, the Court must take the allegations in the complaint as true and draw all reasonable inferences in his favor. *In re NYSE Specialists Sec. Litig.*, 503 F.2d 89, 95 (2d Cir. 2007).

Mr. Taveras alleges that he was moved to restrictive housing and was not provided any

3

mental health treatment despite the fact that he attempted to kill himself and felt "deep depression." Compl. at Stmt. of Case ¶¶ 1-4, ECF No. 1. Allegations of depression or feelings of suicide, particularly when accompanied by acts of self-harm, plausibly state a sufficiently serious medical need. *Loadholt v. Lape*, No. 9:09-cv-0658 (LEK/RFT), 2011 WL 1135934, at *3 (N.D.N.Y. Mar. 2011) (collecting cases in the Second Circuit finding that suicidal ideations are sufficiently severe medical conditions to meet the objective prong of the deliberate indifference standard). Mr. Taveras has therefore plausibly alleged that he was deprived of mental health care for a sufficiently serious medical need.

Mr. Taveras also alleges that officials at Garner knew of his condition and consciously disregarded it by failing to ensure that he received treatment. He alleges that he conveyed his suicidal ideations, suicide attempts, and feelings of depression to Defendants Bona and Semple. Compl. at Stmt. of Case ¶¶ 3, 6, ECF No. 1. He claims that Defendant Semple sought to transfer him to another facility to provide him with treatment but that transfer never occurred. *Id.* ¶ 6. Mr. Taveras was also seen by Dr. Gebeno and "CSW" Nancy B., who he alleges determined that his suicide attempts were "behavioral" and did not require treatment. *Id.* ¶ 5. Although the Complaint does not specifically allege that he conveyed his suicidal thoughts to Dr. Gebeno and "CSW" Nancy B., he does allege that he met with these professionals during the relevant time period and that they failed to provide him with treatment. Presumably, in the course of those meetings, Mr. Taveras expressed his need for treatment.

Since the Court must construe *pro se* pleadings liberally, the Court finds that Mr. Taveras plausibly has alleged that Defendants Semple, Bona, Gebeno and Nancy B. were deliberately indifferent to his serious medical need for mental health treatment. The case will proceed as to

4

these four Defendants at this time.  Of course, in order for this matter to proceed to trial,  Mr. Taveras must be able to provide admissible evidence supporting his allegations that his mental health condition was sufficiently serious, that it was not treated by Defendants, and that all four of the Defendants acted recklessly when they failed to treat his mental health condition.  *See Salahuddin*, 467 F.3d at 282 (dismissing a deliberate indifference claim at summary judgment because the plaintiff could not "point to record evidence" raising a genuine factual dispute as to whether defendant "acted with a sufficiently culpable mental state.")

With respect to Dr. Castro, Mr. Taveras alleges that he refused to prescribe him pain medication "from emergency room doctors" "[a]fter numerous suicide attempts by cutting." *Id.* ¶ 7.  Construing the Complaint very liberally, as the Court must in evaluating a *pro se* filing, the Court finds that Mr. Taveras has also plausibly alleged a deliberate indifference claim against Dr. Castro.  Mr. Taveras does not explain the nature of the injury that required pain medication, but presumably it was sufficiently serious under the objective prong of the deliberate indifference standard because he went to the emergency room.  Moreover, Mr. Taveras has alleged that Dr. Castro disregarded a prescription order from "emergency room doctors," which could conceivably state a claim that he was reckless or consciously disregarded an excessive risk to inmate health or safety.  *See Estelle*, 429 U.S. at 104-5 (holding that "intentionally interfering with [a] treatment once prescribed" can constitute deliberate indifference).  Thus, the claim against Dr. Castro will also proceed at this time.

Of course, again, before this matter will proceed to trial, Mr. Taveras must be able to provide evidence supporting his allegations that the condition for which the pain medication was prescribed was sufficiently serious and that Dr. Castro acted recklessly when he failed to

5

prescribe him pain medication. *See Rodriguez v. Westchester Cnty. Jail Correctional Dept.*, No. 90 CIV 2743 (RPP), 2003 WL 1907963, at *5 (S.D.N.Y. Apr. 17, 2003) (citation omitted) (dismissing a complaint at summary judgment for failure to show that a cut above prisoner's eyebrow was a sufficiently serious medical condition)*; see also Salahuddin*, 467 F.3d at 282.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     **The Clerk shall** verify the current work address of each defendant with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet to each defendant at the confirmed address within twenty-one (21) days from the date of this Order.  The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the Complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The defendants shall file their response to the Complaint, either an answer or motion to dismiss, within sixty (60) days from the date the waiver form is sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this Order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within eight months (240 days) from the date of this Order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

**SO ORDERED** this 22nd day of April 2015 at Bridgeport, Connecticut.

 /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge