UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NOE TAVERAS | : | CIVIL NO. 3:15CV00531(VLB) |
| v. | : | |
| SCOTT SEMPLE, ET AL | : | APRIL 16, 2018 |

### PROTECTIVE ORDER FOR DVDS RELEVANT TO PLAINTIFF'S CLAIMS

The defendants respectfully request that, in the interest of the preservation of safety and security, the following Protective Order issue with regard to the use of DVD/videotape recordings during the litigation of this matter:

1) All information provided by Connecticut Department of Correction ("CDOC") staff and/or which stems from the provision of information from CDOC to plaintiff's counsel with regard to any and all DVD recording cameras at any State Correctional Institutions, including but not limited to location of the cameras, general technical operating functions, system manufacturer, type of cameras, type of recording system and manufacturer, and the DVD recordings themselves, shall consist of and be limited to disclosure to:

    a) Counsel(s) of record for the named plaintiff and defendants;

    b) The paralegal, clerical and secretarial staffs employed by counsel referenced in section "a" above;

    c) Experts, investigators, and consultants retained by counsel in connection with any litigation arising from this incident;

    d) This Court;

    e) Any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this action.

2) That any person to whom the information is to be disclosed subject to this Protective Order shall be informed of the contents of the Protective Order prior to said disclosure and shall agree in writing, or by statement recorded in a written transcript of proceedings, to be bound by its terms;

3) The plaintiff, Noe Taveras, is expressly prohibited from making written notes about, obtaining, or keeping, any written information about any stationary or handheld DVD recording system;

4) That clear and compelling reasons exist for providing that all information about the DVD recording system be placed under seal or during a closed court proceeding;

5) Any party may seek a modification of this Protective Order based upon a showing of good cause that the modification is necessary to further this pending court proceeding only. In the event such a motion is made, the identity of any person to whom disclosure of information is sought shall be included within the motion, along with the reason or reasons that disclosure of protected information is necessary to advance this litigation. Such disclosure of identity may be made to the court in camera;

6) Prior to introducing any information about the DVD recording system with the court and/or moving for the introduction into evidence information about the DVD recording system, or playing the recordings, the defendants may request that the courtroom be closed and the information filed under seal;

7) The actual DVD recordings and copies of the DVD recordings shall consist of and be limited to disclosure to:

a) Counsel of record for the named plaintiff, but can be shown, played, and viewed by the plaintiff, Noe Taveras, when in the presence of his counsel;

b) However, the plaintiff himself, Noe Taveras, shall be specifically excluded from having possession of these recordings;

c) The paralegal, clerical and secretarial staffs employed by counsel referenced in section "a" above;

d) Counsel of record for the defendants;

e) Experts, investigators, and consultants retained by counsel in connection with any litigation arising from this incident;

f) This Court;

g) Any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this action;

The video recordings specifically covered by this Protective Order are identified as:

a. GCI-VP-12-352

b. GCI-VP-13-755

c. GCI-VP-15-619

d. GCI-VP-15-620

e. GCI-VP-15-670

f. GCI-VP-16-357

g. GCI-VP-16-358

h. GCI-VP-16-363

i. GCI-VP-16-364

j. NCI-12-0341

k. NCI-12-534

l. NCI-12-535

m. NCI-12-536

n. NCI-12-537

o. NCI-12-592

p. NCI-0563

q. NCI-12-651

Nothing in the Motion for Protective Order is intended to preclude the use of these DVD recordings by the parties for the purposes of trial preparation, settlement, and/or trial; only to address the manner in which these recordings are made, shown, handled, and possessed.

Within thirty days of the conclusion of this litigation by settlement or judgment after trial, all DVD recordings, and copies made therefrom, will be returned to counsel for the Defendants, and this Protective Order will remain binding until such time as that has been completed.

Wherefore, it is respectfully requested that this Motion be granted.

DEFENDANTS
Scott Semple, Et al

GEORGE JEPSEN
ATTORNEY GENERAL

BY: /s/ Robert B. Fiske, III
Robert B. Fiske, III
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
Federal Bar #ct17831
E-Mail: Robert.fiske@ct.gov


Consented to this 23 day of April, 2018.


PLAINTIFF,
NOE TAVERAS.

By:_____
David W. Rubin
The Law Offices of Daniel Rubin
600 Summer St., Suite 201
Stamford, CT 06901

By:_____
Jonathan Daniel Jacobson
The Law Offices of Daniel Rubin
600 Summer Street, Suite 201
Stamford, CT 06901